IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA LUIS, ) | |
| LUCY GOMEZ, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | 12 CV 2922 |
| ) | |
| SMITH PARTNERS & ASSOCIATES, LTD. ) | PLAINTIFFS DEMAND |
| SMITH REO PROPERTIES ) | TRIAL BY JURY |
| COYA SMITH, ) | |
| ANDY HORN, ) | |
|     Defendants. ) | |

Plaintiffs MARIA LUIS and LUCY GOMEZ, by and through their attorneys, ARNOLD KAPLAN, CHARLES SILVERMAN, and ERICA CHIPPI, of KAPLAN SILVERMAN LLC, and JONATHAN LUBIN, of the LAW OFFICE OF JONATHAN LUBIN, and Complain of Smith PARTNERS & ASSOCIATES, LTD., SMITH REO PROPERTIES, COYA SMITH, and ANDY HORN, stating:

### Introduction

1. This is an action brought pursuant to Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. 3601, *et seq*; the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et. seq.*, and under state and municipal laws.

### Jurisdiction and Venue

2. Plaintiffs seek damage and equitable relief against Defendants.

3. This court has jurisdiction over this action under 28 U.S.C. § 1331, over all claims bright pursuant to federal statute, and under 28 U.S.C. § 1267, over all claims arising under state laws and municipal ordinances.

4. Venue is proper under 28 U.S.C. 1391(b) in that all Defendants are is a residents of the Northern District of Illinois.

### Parties

5. Maria Luis and Lucy Gomez are residents of the property located at 5818 N. Spaulding, Chicago, IL ("Property").

6. Smith Partners and Associates, Ltd., ("Smith Partners") is a corporation that owns and manages properties, including residential properties that have been the subject of foreclosure actions, and "short sales." It operates under the assumed name of Smith REO Properties ("Smith

REO"). On information and belief, Smith Partners and Associates, Ltd., is owned and operated by Coya Smith, who also serves as the corporation's registered agent.

7.     Andy Horn is an agent of Smith Partners and Associates, Ltd., and at all times relevant to this Complaint was acting within the scope of his agency.

### Factual Allegations Common to All Claims

8.     Defendant owns and, at all relevant times, managed the property. Defendant began to manage the property after it was acquired by a financial institution in a mortgage foreclosure proceeding.

9.     At no time have any proceedings been instituted in any court of law, including Court of Cook County, Illinois, to evict Plaintiffs the property. No action seeking forcible entry and detainer has been filed. Plaintiffs were never given proper notice, nor was proper notice even attempted, that would allow Defendants to proceed on either an eviction or a forcible entry and detainer action.

10.     Beginning in the Winter of 2010, Defendants began a campaign of threats and harassment intending to force Plaintiffs to leave the property.

11.     In the Winter of 2010, Defendants illegally entered the basement of the property, and removed the furnace. As a result, the property's pipes froze, and water began to fill the basement. Plaintiffs had to replace the furnace at that at their own expense

12.     In November, 2010, Defendants illegally placed a padlock on property's front door, preventing Plaintiffs' entry into their own residence.

13.     In the Spring of 2011, Defendants banged on the windows, banged on the doors, and removed letters from the mailbox at the property that were addressed to Plaintiffs.

14.     In May of 2011, Defendants once again entered the basement of the property, and removed most of the contents thereof.  Among the things removed from the basement was the furnace, which had previously been paid for by Plaintiffs. They also turned off the water heater, and locked the basement entirely so that Plaintiffs were not able to access the basement in order to restore the furnace or water heater. As a result, Plaintiffs were forced to use electrical heating throughout the following Winter.

15.     In March, 2012, Defendants broke the locks to the front doors of each of the apartments in the property.

16.     In August, 2011, the electricity and the water were both disconnected at the request of Andy Horn.

17.     In affecting the shutting off of the electricity and water, Horn entered the property illegally, threatened Plaintiffs, and struck Plaintiff Lucy Gomez.

18.     On information and belief, each of these actions was taken by Andy Horn.

19. On information and belief, Andy Horn was acting at the request and the behest of Coya Smith, acting then as the owner and operator of Smith Partners and Smith REO.

20. On April 17, 2012, the water at the property was turned off by the City due to non-payment of the water bill by Defendants. Plaintiffs were told that they were not permitted to pay the bill in the stead of the Defendants.

## Claim I
## Federal Housing Act

Plaintiffs repeat and reallege paragraphs 1-20 as if stated herein in full.

21. The properties at issue in this case are dwellings within the meaning of 42 U.S.C. 3602(b).

22. For many years Smith Partners and Smith REO, pursuant to the policy of their owner and operator Coya Smith have subjected Hispanic tenants of their properties to extensive, continuous, treatment by employing a continual pattern of threats and intimidating behavior toward them in *lieu* of seeking actions, including evictions or forcible detainer actions, in state court.

23. It is believed that Defendants target Hispanics in part because they believe that Hispanics will be unwilling to defend themselves in a court of law

24. The actions Complained of herein were engaged in as part of a pattern or practice of discrimination on the basis of race or national origin against persons in the rental of dwellings in violation of the Fair Housing Act.

25. Defendant has implemented this pattern or practice of discrimination in violation of the Fair Housing Act, among other ways, by:

    a. Discriminating against persons in the terms, conditions, or privileges of the rental of a dwelling because of race or national origin, in violation of 42 U.S.C. 3604(b);

    b. Coercing, intimidating, threatening, and/or interfering with tenants in the exercise or enjoyment of rights granted and protected by Section 804 of the Fair Housing Act, as amended, in violation of 42 U.S.C. 3617.

26. The conduct Complained of constitutes:

    a. A pattern or practice of resistance to the full enjoyment of rights secured by Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. 3601 et seq.; and

    b. A denial to a group of persons of rights granted by Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. 3601 et seq., which denial raises an issue of general public importance.

27. There are numerous victims of defendant's discriminatory actions and practices, including Plaintiffs, all former Hispanic tenants of properties owned and managed by the defendant. These

victims are aggrieved persons as defined in 42 U.S.C. 3602(i). These victims have suffered damages as a result of the defendant's conduct as described in ¶16.

28. Defendants' conduct was intentional, willful, and taken in disregard for the rights of others.

WHEREFORE, Plaintiffs pray that the Court enter an ORDER:

1. For declaratory relief, pursuant to 42 U.S.C. § 3613(c)(1)

    a. Declaring that the discriminatory practices of defendant violate the Fair Housing Act, as amended, 42 U.S.C. 3601 et seq.;

2. For injunctive relief, pursuant to 42 U.S.C. § 3613(c)(1) enjoining the defendant from:

    a. Discriminating against any person in violation of the Fair Housing Act, including (1) discriminating on account of race, national origin against any person in any aspect of the rental of a dwelling, and (2) interfering with or threatening to take any action against any person in the exercise or enjoyment of rights granted or protected by the Fair Housing Act; and

    b. Failing or refusing to take such affirmative steps as may be necessary (1) to restore, as nearly as practicable, the victims of the defendant's past unlawful practices to the position they would have been in but for the discriminatory conduct; and (2) to notify residents of his rental properties as well as the public that they will be operated in a manner so as not to discriminate on the basis of race or national origin.

3. Awarding such monetary relief as would fully compensate each identifiable victim of defendant's discriminatory housing practices for injuries caused by the defendant's discriminatory conduct, pursuant to 42 U.S.C. § 3613(c)(1);

4. Awarding punitive damages to each identifiable victim of defendant's discriminatory housing practices, pursuant to 42 U.S.C. § 3613(c)(1)and

5. Awarding reasonable attorney's fees and costs, pursuant to 42 U.S.C. §813(a) and 42 U.S.C. § 3613(c)(2).

6. Plaintiff further prays for such additional relief as the interests of justice and equity may require.

## Count II
## Civil RICO

Plaintiffs repeat and reallege paragraphs 1 – 28 as if state herein in full.

29. Under Title18, United States Code, Section 1962(c) it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise affairs through a pattern of racketeering activity…"

30. Each of the individual Defendant is a "person" as defined in Title 18, United States Code, Section 1961(3) and used in Title 18, United States Code, Section 1961(c).

31. Smith Partners and Smith REO are employed as a racketeering "enterprise" as defined in Title 18, United States Code, Section 1961(4) and used in Title 18, United States Code, Section 1962(c).

32. Defendants employ Smith Partners and Smith REO as a racketeering enterprise to avoid the judicial system altogether, by forcing (mostly Hispanic) tenants in properties acquired through foreclosure actions or short-sales to vacate those properties, by illegally threatening them and interfering with said properties.

33. The disposition of residential properties in Cook County, IL, and the illegal interference with tenants' rights in their properties, has an effect on interstate commerce.

34. It is believed that Defendants have behaved towards many other residents of many other properties acquired in mortgage foreclosure actions, or short-sales, in a manner similar to the manner in which they have behaved towards Plaintiffs.

35. A pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consists of the following acts:

*Racketeering Act #1:*
*Winter 2010 Tresspass and Robbery*

36. As set forth in paragraph 11, Defendants violated the following criminal statutes:

    a. 18 U.S.C. § 1951, Interference with Commerce by Threats or Violence: "Whoever in any way or degree obstructs, delays, or affects commerce […] by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to […] property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both." The robbery of a furnace during the Winter months in Chicago, IL constituted an attempt to affect Plaintiffs' rights in their dwelling (that is, to scare and force Plaintiffs out of their dwelling). Defendants Actions constituted outright robbery, and a form of extortion given the implied threat that if Plaintiffs did not vacate, their property would continue to be so threatened (Defendants made good on their implied threat, and continue to do so up until the time of filing of this Complaint). Their actions also constituted a physical violence to Plaintiffs' property, which resulted in thousands of dollars worth of damage – both in terms of replacing the furnace, and in dealing with the effects of the property's pipes freezing, and water filling the basement.

    b. 720 ILCS § 5/12-6, Intimidation: "A person commits intimidation when, with intent to cause another to perform or to omit the performance of any act, he or she communicates to another, directly or indirectly by any means, a threat to perform without lawful authority any of the following acts: (1) Inflict physical harm on the person threatened or any other person or on property; […] (b) Sentence. Intimidation is a Class 3 felony for

which an offender may be sentenced to a term of imprisonment of not less than 2 years and not more than 10 years." Defendants committed intimidation in that the act of breaking into the basement, and stealing the furnace was meant to convey a threat that refusal on the part of Plaintiffs to leave the property would be met with more of the same. Further, Defendants committed intimidation in that the act of breaking into the basement and stealing the furnace actually did convey the threat that if Plaintiffs did not leave the property, they would be subjected a Chicago Winter without the benefit of a method to adequately provide heat to their dwelling.

  c. 720 ILCS § 5/18-1, Robbery: "(a) A person commits robbery when he or she takes property, except a motor vehicle covered by Section 18-3 or 18-4, from the person or presence of another by the use of force or by threatening the imminent use of force. (b) Sentence. Robbery is a Class 2 felony." Defendants committed robbery in that they entered the property of Plaintiffs without cause or justification, and took the furnace by force.

*Racketeering Act #2*
*Illegally Padlocking the Property's Door*

37. As set forth in paragraph 12, Defendants violated the following criminal statutes:

  a. 720 ILCS § 5/12-6, Intimidation: "A person commits intimidation when, with intent to cause another to perform or to omit the performance of any act, he or she communicates to another, directly or indirectly by any means, a threat to perform without lawful authority any of the following acts: (1) Inflict physical harm on the person threatened or any other person or on property; […] (b) Sentence. Intimidation is a Class 3 felony for which an offender may be sentenced to a term of imprisonment of not less than 2 years and not more than 10 years." Defendants committed intimidation in that the act of padlocking the door constituted a threat that if Plaintiffs did not leave the property willingly, they could expect further illegal trespasses against them to take place.

*Racketeering Act #3*
*Banging on the windows and doors*

38. As set forth in paragraph 13, Defendants violated the following criminal statutes:

  a. 720 ILCS § 5/12-6, Intimidation: "A person commits intimidation when, with intent to cause another to perform or to omit the performance of any act, he or she communicates to another, directly or indirectly by any means, a threat to perform without lawful authority any of the following acts: (1) Inflict physical harm on the person threatened or any other person or on property; […] (b) Sentence. Intimidation is a Class 3 felony for which an offender may be sentenced to a term of imprisonment of not less than 2 years and not more than 10 years." Defendants committed intimidation in that the act of banging on the windows and doors communicated that if Plaintiffs did not leave the property willingly, they could expect further illegal trespasses against them to take place.

*Racketeering Act #4*
*Stealing Mail from Plaintiffs' Mailbox*

39. As set forth in paragraph 13, Defendants violated the following criminal statutes:

 a. 720 ILCS § 5/12-6, Intimidation: "A person commits intimidation when, with intent to cause another to perform or to omit the performance of any act, he or she communicates to another, directly or indirectly by any means, a threat to perform without lawful authority any of the following acts: (1) Inflict physical harm on the person threatened or any other person or on property; […] (b) Sentence. Intimidation is a Class 3 felony for which an offender may be sentenced to a term of imprisonment of not less than 2 years and not more than 10 years." Defendants committed intimidation in that the act stealing Plaintiffs' mail constituted a threat that if Plaintiffs did not leave the property willingly, they could expect further illegal trespasses against them to take place.

 b. 720 ILCS § 5/18-1, Robbery: "(a) A person commits robbery when he or she takes property, except a motor vehicle covered by Section 18-3 or 18-4, from the person or presence of another by the use of force or by threatening the imminent use of force. (b) Sentence. Robbery is a Class 2 felony." Defendants committed robbery in that they entered the property of Plaintiffs without cause or justification, and stole mail not belonging to them.

 c. 18 U.S.C. § 1702, Obstruction of Correspondence: "Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined under this title or imprisoned not more than five years, or both." Defendants removed pieces of mail from Plaintiffs' mailbox.

*Racketeering Act #5*
*May 2011 Tresspass and Robbery*

40. As set forth in paragraph 14, Defendants violated the following criminal statutes:

 a. 18 U.S.C. § 1951, Interference with Commerce by Threats or Violence: "Whoever in any way or degree obstructs, delays, or affects commerce […] by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to […] property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both." The robbery of a furnace during the Winter months in Chicago, IL constituted an attempt to affect Plaintiffs' rights in their dwelling (that is, to scare and force Plaintiffs out of their dwelling). Defendants Actions constituted outright robbery, and a form of extortion given the implied and continuing threat that if Plaintiffs did not vacate, their property would continue to be so threatened (Defendants made good on their implied threat, and continue to do so up until the time of filing of this Complaint). Their actions also constituted a physical violence to Plaintiffs' property, which resulted in thousands of dollars worth of damage. This conduct also carried the threat that unless Plaintiffs vacated the property, they would, yet again, be subjected to a Chicago Winter without adequate heating. Indeed, this Winter, Plaintiffs were forced to resort to electric heaters to keep warm.

b. 720 ILCS § 5/12-6, Intimidation: "A person commits intimidation when, with intent to cause another to perform or to omit the performance of any act, he or she communicates to another, directly or indirectly by any means, a threat to perform without lawful authority any of the following acts: (1) Inflict physical harm on the person threatened or any other person or on property; […] (b) Sentence. Intimidation is a Class 3 felony for which an offender may be sentenced to a term of imprisonment of not less than 2 years and not more than 10 years." Defendants committed intimidation in that the act of breaking into the basement, and stealing the furnace, and turning off the water heater, was meant to convey a threat that refusal on the part of Plaintiffs to leave the property would be met with more of the same. Further, Defendants committed intimidation in that the act of breaking into the basement and stealing the furnace actually did convey the threat that if Plaintiffs did not leave the property, they would be subjected a Chicago Winter without the benefit of a method to adequately provide heat to their dwelling.

c. 720 ILCS § 5/18-1, Robbery: "(a) A person commits robbery when he or she takes property, except a motor vehicle covered by Section 18-3 or 18-4, from the person or presence of another by the use of force or by threatening the imminent use of force. (b) Sentence. Robbery is a Class 2 felony." Defendants committed robbery in that they entered the property of Plaintiffs without cause or justification, and took the furnace by force.

*Racketeering Act #6*
*Breaking the locks to the front doors*

41. As set forth in paragraph 15, Defendants violated the following criminal statutes:

a. 720 ILCS § 5/12-6, Intimidation: "A person commits intimidation when, with intent to cause another to perform or to omit the performance of any act, he or she communicates to another, directly or indirectly by any means, a threat to perform without lawful authority any of the following acts: (1) Inflict physical harm on the person threatened or any other person or on property; […] (b) Sentence. Intimidation is a Class 3 felony for which an offender may be sentenced to a term of imprisonment of not less than 2 years and not more than 10 years." Defendants effectively sent the message to Plaintiff that if they did not leave the property, they would further be unable to protect their property from robbers and thieves, or from Defendants themselves.

b. 720 ILCS § 5/18-1, Robbery: "(a) A person commits robbery when he or she takes property, except a motor vehicle covered by Section 18-3 or 18-4, from the person or presence of another by the use of force or by threatening the imminent use of force. (b) Sentence. Robbery is a Class 2 felony." Defendants committed robbery in that they entered the property of Plaintiffs without cause or justification, and took the furnace by force." Defendants physically deprived Plaintiffs of the locks to their doors through the use of force.

*Racketeering Act #7*
*Disconnecting the electricity and water*

42. As set forth in paragraph 16, Defendants violated the following criminal statutes:

   a. 720 ILCS § 5/12-6, Intimidation: "A person commits intimidation when, with intent to cause another to perform or to omit the performance of any act, he or she communicates to another, directly or indirectly by any means, a threat to perform without lawful authority any of the following acts: (1) Inflict physical harm on the person threatened or any other person or on property; […] (b) Sentence. Intimidation is a Class 3 felony for which an offender may be sentenced to a term of imprisonment of not less than 2 years and not more than 10 years." Defendants effectively sent the message to Plaintiff that if they did not leave the property, they would find themselves without basic necessities like electricity and water.

*Racketeering Act #8*
*Battery to Lucy Gomez*

43. As set forth in paragraph 16, Defendants violated the following criminal statutes:

   a. 18 U.S.C. § 1951, Interference with Commerce by Threats or Violence: "Whoever in any way or degree obstructs, delays, or affects commerce […] by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to […] property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both." The battery against Lucy Gomez was intended, through actual physical force, to intimidate Plaintiffs into vacating the property.

   b. 720 ILCS § 5/12-6, Intimidation: "A person commits intimidation when, with intent to cause another to perform or to omit the performance of any act, he or she communicates to another, directly or indirectly by any means, a threat to perform without lawful authority any of the following acts: (1) Inflict physical harm on the person threatened or any other person or on property; […] (b) Sentence. Intimidation is a Class 3 felony for which an offender may be sentenced to a term of imprisonment of not less than 2 years and not more than 10 years." The battery against Lucy Gomez was intended, through actual physical force, to intimidate Plaintiffs into vacating the property.

WHEREFORE, Plaintiff prays that this Honorable Court enter an Order:

1. Granting an entry of judgment for the Plaintiff and against the Defendants for the stated violations of RICO, 18 U.S.C. § 1961, *et. seq.*,

2. Award Plaintiff reasonable attorney fees and cost of suit;

3. Award Plaintiff treble damages for violation of RICO under 18 U.S.C. § 1964;

4. Award Plaintiff compensatory and punitive damages where applicable; and

5. Grant such other and further relief, as this Court deems equitable and just.

**Count III**

### Trespass to Chattel

Plaintiffs repeat and reallege paragraphs 1 – 43 as if state herein in full.

WHEREFORE, Plaintiff prays that this Honorable Court enter an Order finding Defendants liable for the trespass, and continued trespass, to Plaintiffs real and personal property, and awarding Plaintiff whatever damages they have sustained as a result of Defendants, and whatever other relief this Honorable Court deems just and equitable.

### Count IV
### Battery
### Plaintiff Lucy Gomez only

Plaintiffs repeat and reallege paragraphs 1 – 42 as if state herein in full.

WHEREFORE, Plaintiff prays that this Honorable Court enter an Order finding Defendants liable for battery, and awarding Plaintiff whatever damages they have sustained as a result of Defendants, and whatever other relief this Honorable Court deems just and equitable.

### Count V
### Intentional Infliction of Emotional Distress

Plaintiffs repeat and reallege paragraphs 1 – 43 as if state herein in full.

44.     The conduct to which Defendants subjected Plaintiffs was objectively outrageous.

45.     Plaintiffs suffered extreme emotional distress as a result of this conduct.

WHEREFORE, Plaintiff prays that this Honorable Court enter an Order finding Defendants liable for Intentional Infliction of Emotional Distress, and awarding Plaintiff whatever damages they have sustained as a result of Defendants, and whatever other relief this Honorable Court deems just and equitable

### Count VI
### Chicago Residential Landlord and Tenant Ordinance, §5-12-160

Plaintiffs repeat and reallege paragraphs 1 – 45 as if state herein in full.

46.     RLTO section 5-12-160 states, "It is unlawful for any landlord or any person acting at his direction knowingly to oust or dispossess or threaten or attempt to oust or dispossess any tenant from a dwelling unit without authority of law, by plugging, changing, adding or removing any lock or latching device; or by blocking any entrance into said unit; or by removing any door or window from said unit; or by interfering with the services to said unit; including but not limited to electricity, gas, hot or cold water, plumbing, heat or telephone service; or by removing a tenant's personal property from said unit; or by the removal or incapacitating of appliances or fixtures, except for the purpose of making necessary repairs; or by the use or threat of force, violence or injury to a tenant's person or property; or by any act rendering a dwelling unit or any part thereof or any personal property located therein inaccessible or uninhabitable."

47.     Defendant does not reside at the Unit, and did not so reside at the time of the tenancy complained-of herein.

48.     Defendant does not reside at another Unit within the building, and did not so reside at the time of the tenancy complained-of herein.

49.     Defendants fit the definition of "landlord" as delineated in the RLTO.

50.     The property is subject to the laws and regulations of the Chicago Residential Landlord Tenant Ordinance ("RLTO").

51.     Defendants have, in sum, made numerous illegal threats and unlawful demands for possession through the use of intimidation and threat of force, and other actions depriving Complainants of utilities, and of the enjoyment of their property.

WHEREFORE, Plaintiffs pray that the Court enter an ORDER:

1.     Awarding such monetary relief of $200.00, but nor more than $500.00, and each day that such violation shall occur or continue;

2.     Award an amount equal to not more than two months' rent or twice the actual damages sustained by Plaintiffs, whichever is greater;

3.     Award reasonable attorneys' fees.

4.     Award whatever other relief this Honorable Court deems just and equitable.

## Count VII
### Injunctive Relief

Plaintiffs repeat and reallege paragraphs 1 – 51 as if state herein in full.

52.     The activities Complained of are ongoing, and have a real time effect on Plaintiffs.

53.     No amount of money damages could be as complete and final a remedy as an injunction requiring Defendants to cease and desist their illegal behavior. Plaintiff has no adequate legal remedy against the Defendants' threatened and ongoing bad actions. No amount of money damages could be as clear, complete, practical, efficient, equitable and just as an injunction. Unless enjoined, Defendants will – as a matter of law – cause irreparable harm to the Plaintiff.

54.     Equity and a balancing of the hardships favors Plaintiffs and not Defendants because Defendants are currently engaged in a campaign of illegal intimidation, in violation of state and federal laws, including criminal statutes. Plaintiffs, by contrast, have broken no law, and merely wish to be allowed to live in the property without Defendants' interference, as is their right under the law.

WHEREFORE, Plaintiffs request that this Honorable Court enter an Order:

1.	Requiring Defendants to cease and desist their illegal behavior;

2.	Ensure that essentials like hot and cold water, and central heating, are not obstructed, and that Plaintiffs are not prevented from enjoying such in the property; and

3.	Any other relief that this Court deems just and equitable.


				Respectfully Submitted by:

				s/Jonathan Lubin


Jonathan Lubin
39 S. LaSalle Street
Suite 1400
Chicago, IL 60603
(773) 954-2608

Arnold Kaplan
Charles Silverman
Erica Chippi
Kaplan Silverman LLC
20 North Clark Street
Suite 1725
Chicago, IL 60602