**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARIA LUIS, | ) | |
| LUCY GOMEZ, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | 12 CV 2922 |
| | ) | |
| SMITH PARTNERS & ASSOCIATES, LTD. | ) | |
| SMITH REO PROPERTIES | ) | |
| COYA SMITH, | ) | |
| ANDY HORN, | ) | |
|     Defendants. | ) | |

**INITIAL STATUS REPORT**

**A.**  **Nature of the Case**

    1.    Attorneys of Record

    Attorneys for Plaintiff:

| | |
|---|---|
| Jonathan D. Lubin<br>Attorney at Law<br>39 S. LaSalle St.<br>Suite 1400<br>Chicago, IL 60603<br>(312) 332-7374 | Charles Silverman<br>Erica L. Chippi<br>Kaplan Silverman, LLC<br>20 N. Clark St. Suite 1725<br>Chicago, IL 60602<br>(312) 443-1667 |

    Attorneys for Defendants:

    Newton C. Marshall
    Michelle M. Blum
    Karbal Cohen Economou Silk & Dunne, LLC
    150 S. Wacker Dr.
    Suite 1700
    Chicago, IL 60606

    2.    Basis for federal jurisdiction:

        This matter is brought, *inter alia*, under 42 U.S.C. § 3601, *et seq.* and 18 U.S.C. § 1961, *et. seq.* This Court therefore has subject matter jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Nature of the claims and counterclaims, including the amount of damages and other relief sought.

    Plaintiffs allege that they were residents in a property that was managed by Defendants. The Complaint alleges that Defendants subjected Plaintiffs to harassment over a period of time. That harassment is alleged to have constituted several acts that would implicate the civil RICO statute. The conduct is also alleged to have been pursued based upon Plaintiffs' national origin, thereby implicating the Federal Housing Act. The conduct is also alleged to have violated the Chicago municipal ordinance known as the Residential Landlord Tenant Ordinance, and the common law.

    Defendants have not yet determined the nature of any counterclaims or third-party claims that they may be filing.

4. Whether defendant will answer the complaint, or alternatively, whether the defendant will otherwise plead.

    Defendants intend to file a motion to dismiss under FRCP 12(b)(6).

5. Principal legal and factual issues.

    Whether Defendants illegally harassed Plaintiffs in an attempt to force them to leave their unit. Whether, while harassing Plaintiffs, Defendants violated criminal law, so as to have violated the civil RICO statute. Whether, while harassing Plaintiffs, Defendants violated the Federal Housing Act. Defendants deny all the allegations and are filing a motion to dismiss under FRCP 12(b)(6).

6. Which Defendants have been served.

    Plaintiffs have sent requests to waive service to Coya Smith, Andy Horn, and Smith Partners and Associates, Ltd., which were signed and returned to Plaintiffs' attorney on June 4, 2012.

**B.** **Proceedings to Date.**

1. Summary of all substantive rulings (including discovery rulings) to date.

    Plaintiffs filed a Petition for a Temporary Restraining Order and Preliminary Injunction against Defendants, which was denied on May 2, 2012. Otherwise, there have been no proceedings.

2. Description of all pending motions, including date of filing and briefing schedule.

There are no pending motions at this time. Defendants will file a motion to dismiss.

## C. Discovery and Case Plan

1. Summary of discovery, formal and informal, that has already occurred.

No discovery has yet occurred. Defendants request that this Court stay all discovery until this Court rules on Defendants' motion to dismiss.

2. Whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately.

Plaintiffs do not have any information stored on electronic media other than a video that has already been tendered to the Court connected with the Petition for Temporary Restraining Order, an audio file, and several pictures (some of which have already been tendered). Defendants anticipate producing electronically stored information in the course of discovery.

3. Proposed scheduling order.

Defendants request that this Court stay all discovery until this Court rules on Defendants' anticipated motion to dismiss. Initial discovery will likely reveal information that may require the joinder of other parties, or, in the alternative, that may foreclose such joinder. Therefore, any scheduling order should take into consideration the possibility of other parties being joined.

a. Deadline for Rule 26(a)(1) disclosures, or why Rule 26(a)(1) disclosures are not appropriate.

Defendants request that this Court stay all discovery until this Court rules on Defendants' anticipated motion to dismiss. Plaintiffs will be prepared to tender 26(a)(1) disclosures within weeks of the initial status date, but will not tender such unless Defendants intend to do so concurrently.

b. Deadline for issuing written discovery requests.

Defendants request that this Court stay all discovery until this Court rules on Defendants' anticipated motion to dismiss. Plaintiffs will be prepared to issue written discovery within 2 weeks of receiving Rule 26(a)(1) disclosures.

c. Deadline for completing fact discovery.

        Defendants request that this Court stay all discovery until this Court rules on Defendants' anticipated motion to dismiss. Any deadline for completion of fact discovery should take into consideration the possibility of the joinder of new parties. Plaintiffs will be prepared to take party depositions within 2 months of receiving responses to Interrogatories. However, additional depositions may need to be taken after the parties answer interrogatories and party depositions proceed. Therefore, Plaintiffs propose that a discovery cutoff date be set for 6 months after the initial status date, or by January 9, 2013, unless this Court stays discovery pending resolution of Defendants' motion to dismiss.

d.    Whether discovery should proceed in phases.

        Defendants request that this Court stay all discovery until this Court rules on Defendants' anticipated motion to dismiss. The parties do not anticipate the need for phased discovery except as needed to account for the joinder of other parties.

e.    Whether expert discovery is contemplated and, if so, deadlines for Rule 26(a)(2) disclosures andexpert depositions.

        Plaintiffs do not anticipate needing expert discovery, and will advise the Court if this changes for any reason. Defendants have not yet determined whether they will need expert discovery at this time due to the anticipated motion to dismiss and this Court's determination as to which, if any, counts remain.

f.    Deadline for amending the pleadings and bringing in other parties.

        Initial discovery may reveal information that may either require joinder of other parties, or, in the alternative, prevent joinder. Therefore, if this Court grants Defendants' request to stay all discovery pending a ruling on their motion to dismiss, then both parties request that the Court also stay the deadline for amending the pleadings and bringing in other parties. Otherwise, Plaintiffs should be able to determine whether joinder of other parties is necessary after deposing Defendants, which would be within 4 months of the initial status date, provided that discovery is not stayed. Defendants request that this Court hold off on setting any deadline for amending the pleadings or adding parties until this Court rules on their anticipated motion to dismiss.

g.    Deadline for filing dispositive motions.

        Defendants request that this Court stay all discovery until this Court rules on Defendants' anticipated motion to dismiss. However, if discovery is

        not stayed, then Plaintiffs request that this court set a deadline of 30 days after the discovery cutoff date, or by February 8, 2013, for Defendants to file a Motion for Summary Judgment.

    4. Whether there has been a jury demand.

        Plaintiffs have demanded trial by jury.

    5. Estimated length of trial.

        The parties estimate a trial of 2-3 days.

**D.** **Settlement**

    1. Describe settlement discussions to date and whether those discussions remain ongoing.

        No settlement discussions have occurred as of this date.

    2. Whether the parties request a settlement conference.

        The parties do not request a settlement conference at present.

**E.** **Magistrate Judge**

    1. Whether the parties consent to proceed before a magistrate judge for all purposes.

        Plaintiffs do not consent to proceed before a magistrate judge.

    2. Any particular matters that already have been referred to the magistrate judge, and the status of those proceedings.

        No matters have been referred to the magistrate judge as of this date.

| | |
|---|---|
| /s/ Jonathan D. Lubin | /s/ Newton C. Marshall |
| Jonathan D. Lubin | Newton C. Marshall |
| Attorney at Law | Michelle M. Blum |
| 39 S. LaSalle St. | Karbal Cohen Economou Silk & Dunne, LLC |
| Suite 1400 | 150 S. Wacker Drive, Suite 1700 |
| Chicago, IL 60603 | Chicago, IL 60606 |
| (312) 332-7374 | (312) 431-3700 |