**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARIA LUIS and LUCY GOMEZ, ) | |
| ) | |
| Plaintiffs, ) | No. 1:12-cv-2922 |
| ) | |
| v. ) | |
| ) | |
| SMITH PARTNERS & ASSOCIATES, LTD., ) | |
| SMITH REO PROPERTIES, COYA SMITH, ) | |
| and ANDY HORN, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS SMITH PARTNERS & ASSOCIATES, LTD.,
SMITH REO PROPERTIES, COYA SMITH & ANDY HORN'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(b)(6)**

NOW COME the Defendants, Smith Partners & Associates, Ltd., Smith REO Properties, Coya Smith, and Andy Horn (collectively "Defendants"), by and through their attorneys, KARBAL COHEN ECONOMOU SILK & DUNNE LLC, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move to dismiss Plaintiffs' Complaint (Docket No. 1). In support thereof, Defendants state as follows:

1. Count I for violation of the Fair Housing Act must be dismissed because Plaintiffs only allege speculative reasons for believing any discrimination occurred.

2. Count II for civil RICO must be dismissed because Plaintiffs fail to allege even a single predicate act or the existence of any enterprise.

3. Count III for trespass to chattels must be dismissed because Plaintiffs do not allege that Defendants interfered with any of their items of personal property of which Plaintiffs had possession. To the extent this count attempts to state a claim for trespass to land, such must

be dismissed because Plaintiffs do not allege they had exclusive possession of the property or the right to exclusive possession.

4. Count IV for battery must be dismissed because Plaintiff Gomez does not allege that Defendants intended to cause any harmful or offensive contact.

5. Count V for intentional infliction of emotional distress fails to state a claim because the conduct at issue does not rise to the level of "extreme and outrageous" needed to be actionable.

6. Count VI for violation of the Chicago Residential Landlord and Tenant Ordinance ("RLTO") must be dismissed because no landlord-tenant relationship existed between Plaintiffs and Defendants.

7. Count VII for injunctive relief must be dismissed because it is not a valid cause of action, and this Court has already determined that Plaintiffs are not entitled to injunctive relief.

8. Furthermore, Defendant Smith REO Properties must be dismissed because it is not a legally cognizable entity that can be sued.

9. Defendant Coya Smith must be dismissed because she does not face personal liability for the Defendant corporation's alleged conduct.

10. Further, Counts I, IV, V, and VI must be dismissed pursuant to the statute of limitations.

11. For the foregoing reasons, Plaintiffs' Complaint should be dismissed in its entirety pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

12. Defendants have contemporaneously sought leave to file a Memorandum of Law in support of this Motion, which is incorporated herein as if set forth in full.

WHEREFORE Defendants Smith Partners & Associates, Ltd., Smith REO Properties, Coya Smith, and Andy Horn respectfully request that this Court enter an order dismissing Plaintiffs' Complaint in its entirety with prejudice pursuant to Rule 12(b)(6), and for such other and further relief that this Court deems appropriate and just.

        Respectfully submitted,

        Smith Partners & Associates, Ltd.,
        Smith REO Properties, Coya Smith,
        and Andy Horn

        /s/ Newton C. Marshall
        One of their Attorneys

Newton C. Marshall  (ARDC No. 6209427)
Michelle M. Blum  (ARDC No. 6295921)
Karbal Cohen Economou Silk & Dunne LLC
150 S. Wacker Drive, Suite 1700
Chicago, IL  60606
(312) 431-3700