**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARIA LUIS and LUCY GOMEZ, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 1:12-cv-2922 |
| | ) | |
| v. | ) | |
| | ) | |
| SMITH PARTNERS & ASSOCIATES, LTD., | ) | |
| COYA SMITH, and ANDY HORN, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' SMITH PARTNERS & ASSOCIATES, LTD., COYA SMITH,
and ANDY HORN'S ANSWER AND AFFIRMATIVE DEFENSES**

NOW COME the Defendants, Smith Partners & Associates, Ltd., Coya Smith, and Andy Horn (collectively "Defendants"), by and through their attorneys, Karbal Cohen Economou Silk & Dunne, LLC, and in their Answer and Affirmative Defenses to Plaintiff's Complaint, state as follows:

### Introduction

1.     This is an action brought pursuant to Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. 3601, et seq; the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq., and under state and municipal laws.

    **ANSWER:**    Paragraph 1 is a legal conclusion, to which no answer is required. To the extent an answer is required, Defendants acknowledge the existence of the statutes alleged but deny their applicability to this matter.

### Jurisdiction and Venue

2.     Plaintiffs seek damage and equitable relief against Defendants.

**ANSWER:** Paragraph 2 is a legal conclusion, to which no answer is required. To the extent an answer is required, Defendants acknowledge the existence of the statutes alleged but deny their applicability to this matter.

3. This court has jurisdiction over this action under 28 U.S.C. § 1331, over all claims bright [sic] pursuant to federal statute, and under 28 U.S.C. § 1267, over all claims arising under state laws and municipal ordinances.

**ANSWER:** Paragraph 3 is a legal conclusion, to which no answer is required. To the extent an answer is required, Defendants acknowledge the existence of the statutes alleged but deny their applicability to this matter.

4. Venue is proper under 28 U.S.C. 1391(b) in that all Defendants are is a residents of the Northern District of Illinois.

**ANSWER:** Paragraph 4 is a legal conclusion, to which no answer is required. To the extent an answer is required, Defendants acknowledge that venue is proper.

### Parties

5. Maria Luis and Lucy Gomez are residents of the property located at 5818 N. Spaulding, Chicago, IL ("Property").

**ANSWER:** Defendants lack sufficient knowledge to form a belief as to the truth of the averments in Paragraph 5.

6. Smith Partners and Associates, Ltd. ("Smith Partners") is a corporation that owns and manages properties, including residential properties that have been the subject of foreclosure actions, and "short sales." It operates under the assumed name of Smith REO Properties ("Smith REO"). On information and belief, Smith Partners and Associates, Ltd., is owned and operated by Coya Smith, who also serves as the corporation's registered agent.

**ANSWER:** Defendants admit only that Smith Partners is an Illinois corporation of which Coya Smith is president, CEO, and serves as the corporation's registered agent. Defendants deny all remaining allegations in paragraph 6.

2

7.    Andy Horn is an agent of Smith Partners and Associates, Ltd., and at all times relevant to this Complaint was acting within the scope of his agency.

**ANSWER:**    Paragraph 7 is a legal conclusion, to which no answer is required.  To the extent an answer is required, Defendants admit only that that Andy Horn served under an independent contractor agreement with Smith Partners.

### Factual Allegations Common to All Claims

8.    Defendant owns and, at all relevant times, managed the property.  Defendant began to manage the property after it was acquired by a financial institution in a mortgage foreclosure proceeding.

**ANSWER:**    Defendants deny the allegations in paragraph 8.

9.    At no time have any proceedings been instituted in any court of law, including Court of Cook County, Illinois, to evict Plaintiffs [sic] the property.  No action seeking forcible entry and detainer has been filed.  Plaintiffs were never given proper notice, nor was proper notice even attempted, that would allow Defendants to proceed on either an eviction or a forcible entry and detainer action.

**ANSWER:**    Defendants lack sufficient knowledge to form a belief as to the truth of the averments in Paragraph 9.

10.    Beginning in the Winter of 2010, Defendants began a campaign of threats and harassment intending to force Plaintiffs to leave the property.

**ANSWER:**    Defendants deny the allegations in paragraph 10.

11.    In the Winter of 2010, Defendants illegally entered the basement of the property, and removed the furnace.  As a result, the property's pipes froze, and water began to fill the basement.  Plaintiffs had to replace the furnace at that [sic] at their own expense.

**ANSWER:**    Defendants deny the allegations in paragraph 11.

12.    In November, 2010, Defendants illegally placed a padlock on property's front door, preventing Plaintiffs' entry into their own residence.

**ANSWER:**    Defendants deny the allegations in paragraph 12.


13.    In the Spring of 2011, Defendants banged on the windows, banged on the doors, and removed letters from the mailbox at the property that were addressed to Plaintiffs.

**ANSWER:**    Defendants deny the allegations in paragraph 13.


14.    In May of 2011, Defendants once again entered the basement of the property, and removed most of the contents thereof.  Among the things removed from the basement was the furnace, which had previously been paid for by Plaintiffs.  They also turned off the water heater, and locked the basement entirely so that Plaintiffs were not able to access the basement in order to restore the furnace or water heater.  As a result, Plaintiffs were forced to use electrical heating throughout the following Winter.

**ANSWER:**    Defendants deny the allegations in paragraph 14.


15.    In March, 2012, Defendants broke the locks to the front doors of each of the apartments in the property.

**ANSWER:**    Defendants deny the allegations in paragraph 15.


16.    In August, 2011, the electricity and the water were both disconnected at the request of Andy Horn.

**ANSWER:**    Defendants deny the allegations in paragraph 16.


17.    In affecting the shutting off of the electricity and water, Horn entered the property illegally, threatened Plaintiffs, and struck Plaintiff Lucy Gomez.

**ANSWER:**    Defendants deny the allegations in paragraph 17.


18.    On information and belief, each of these actions was taken by Andy Horn.

**ANSWER:**    Defendants deny the allegations in paragraph 18.


19.    On information and belief, Andy Horn was acting at the request and the behest of Coya Smith, acting then as the owner and operator of Smith Partners and Smith REO.

**ANSWER:**    Defendants deny the allegations in paragraph 19.


20.    On April 17, 2012, the water at the property was turned off by the City due to non-payment of the water bill by Defendants.  Plaintiffs were told that they were not permitted to pay the bill in the stead of the Defendants.

**ANSWER:**    Defendants deny the allegations in paragraph 20.


## Claim I
## Federal Housing Act

Plaintiffs repeat and reallege paragraphs 1-20 as if stated herein in full.

**ANSWER:**    Defendants restate and incorporate by reference their answers to paragraphs 1 through 20 as though fully set forth herein.


21.    The properties at issue in this case are dwellings within the meaning of 42 U.S.C. 3602(b).

**ANSWER:**    Paragraph 21 is a legal conclusion, to which no answer is required.  To the extent an answer is required, Defendants acknowledge the existence of the statutes alleged but deny their applicability to this matter.


22.    For many years Smith Partners and Smith REO, pursuant to the policy of their owner and operator Coya Smith have subjected Hispanic tenants of their properties to extensive, continuous, treatment by employing a continual pattern of threats and intimidating behavior toward them in *lieu* of seeking actions, including evictions or forcible detainer actions, in state court.

**ANSWER:**    Defendants deny the allegations in Paragraph 22.


23.    It is believed that Defendants target Hispanics in part because they believe that Hispanics will be unwilling to defend themselves in a court of law[.]

**ANSWER:**    Defendants deny the allegations in Paragraph 23.

24.     The actions complained of herein were engaged in as part of a pattern or practice of discrimination on the basis of race or national origin against persons in the rental of dwellings in violation of the Fair Housing Act.

**ANSWER:**     Defendants deny the allegations in paragraph 24.


25.     Defendant has implemented this pattern or practice of discrimination in violation of the Fair Housing Act, among other ways, by:

   a.   Discriminating against persons in the terms, conditions, or privileges of the rental of a dwelling because of race or national origin, in violation of 42 U.S.C. 3604(b);

   b.   Coercing, intimidating, threatening, and/or interfering with tenants in the exercise or enjoyment of rights granted and protected by Section 804 of the Fair Housing Act, as amended, in violation of 42 U.S.C. 3617.

**ANSWER:**     Defendants deny the allegations in paragraph 25, including subparagraphs

(a) and (b).


26.     The conduct Complained of constitutes:

   a.   A pattern or practice of resistance to the full enjoyment of rights secured by Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. 3601 et seq.; and
   b.   A denial to a group of persons of rights granted by Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. 3601 et seq., which denial raises an issue of general public importance.

**ANSWER:**     Defendants deny the allegations in paragraph 26, including subparagraphs

(a) and (b).


27.     There are numerous victims of defendant's discriminatory actions and practices, including Plaintiffs, all former Hispanic tenants of properties owned and managed by the defendant.  These victims are aggrieved persons as defined in 42 U.S.C. 3602(i).  These victims have suffered damages as a result  of the defendant's conduct as described in ¶16.

**ANSWER:**     Defendants deny the allegations in paragraph 27.

28.    Defendants' conduct was intentional, willful, and taken in disregard for the rights of others.

**ANSWER:**    Defendants deny the allegations in paragraph 28.

## Count II
## Civil RICO

This count was dismissed by court order of October 18, 2012. Accordingly, no answer is required.

## Count III
## Trespass to Chattel

Plaintiffs repeat and reallege paragraphs 1 – 43 as if stated herein in full.

**ANSWER:**    Defendants restate and incorporate by reference their answers to paragraphs 1 through 43 as though fully set forth herein.

## Count IV
## Battery
## Plaintiff Lucy Gomez only

Plaintiffs repeat and reallege paragraphs 1 – 42 as if stated herein in full.

**ANSWER:**    Defendants restate and incorporate by reference their answers to paragraphs 1 through 42 as though fully set forth herein.

## Count V
## Intentional Infliction of Emotional Distress

Plaintiffs repeat and reallege paragraphs 1-43 as if stated herein in full.

**ANSWER:**    Defendants restate and incorporate by reference their answers to paragraphs 1 through 43 as though fully set forth herein.

44.     The conduct to which Defendants subjected Plaintiffs was objectively outrageous.

**ANSWER:**     Defendants deny the allegations in paragraph 44.

45.     Plaintiffs suffered extreme emotional distress as a result of this conduct.

**ANSWER:**     Defendants deny the allegations in paragraph 45.

### Count VI
### Chicago Residential Landlord and Tenant Ordinance, §5-12-160

Plaintiffs repeat and reallege paragraphs 1-45 as if stated herein in full.

**ANSWER:**     Defendants restate and incorporate by reference their answers to

paragraphs 1 through 45 as though fully set forth herein.

46.     RLTO section 5-12-160 states, "It is unlawful for any landlord or any person
acting at his direction knowingly to oust or dispossess or threaten or attempt to oust or dispossess
any tenant from a dwelling unit without authority of law, by plugging, changing, adding or
removing any lock or latching device; or by blocking any entrance into said unit; or by removing
any door or window from said unit; or by interfering with the services to said unit; including but
not limited to electricity, gas, hot or cold water, plumbing, heat or telephone service; or by
removing a tenant's personal property from said unit; or by the removal or incapacitating of
appliances or fixtures, except for the purpose of making necessary repairs; or by the use or threat
of force, violence or injury to a tenant's person or property; or by any act rendering a dwelling
unit or any part thereof or any personal property located therein inaccessible or uninhabitable."

**ANSWER:**     Paragraph 46 is a legal conclusion, to which no answer is required.  To the

extent an answer is required, Defendants acknowledge the existence of the ordinance alleged but

deny its applicability to this matter.

47.     Defendant does not reside at the Unit, and did not so reside at the time of the
tenancy complained of herein.

**ANSWER:**     Defendants only admit that they did not reside at the Property.  Defendants

deny the remaining allegations in paragraph 47, and deny that any "tenancy" existed.

48.     Defendant does not reside at another Unit within the building, and did not so reside at the time of the tenancy complained-of herein.

**ANSWER:**     Defendants only admit that they did not reside at the Property.  Defendants deny the remaining allegations in paragraph 48, and deny that any "tenancy" existed.

49.     Defendants fit the definition of "landlord" as delineated in the RLTO.

**ANSWER:**     Paragraph 49 is a legal conclusion, to which no answer is required.  To the extent an answer is required, Defendants acknowledge the existence of the ordinance alleged but deny its applicability to this matter, and deny the remaining allegations in paragraph 49.

50.     The property is subject to the laws and regulations of the Chicago Residential Landlord Tenant Ordinance ("RLTO").

**ANSWER:**     Paragraph 50 is a legal conclusion, to which no answer is required.  To the extent an answer is required, Defendants acknowledge the existence of the ordinance alleged but deny its applicability to this matter, and deny the remaining allegations in paragraph 50.

51.     Defendants have, in sum, made numerous illegal threats and unlawful demands for possession through the use of intimidation and threat of force, and other actions depriving Complainants of utilities, and of the enjoyment of their property.

**ANSWER:**     Defendants deny the allegations in paragraph 51.

### Count VII
### Injunctive Relief

This count was dismissed by court order of October 18, 2012.  Accordingly, no answer is required.

WHEREFORE, Defendants Smith Partners & Associates, Ltd., Coya Smith and Andy Horn deny that Plaintiffs are entitled to any relief whatsoever.  Defendants pray for judgment in their favor and against Plaintiffs, and for costs in defending the Complaint.

9

## AFFIRMATIVE DEFENSES

Defendants plead the following affirmative defenses in the alternative and without prejudice to Defendants' earlier denials and contentions:

### AFFIRMATIVE DEFENSE ONE
### (contributory negligence- Count VI)

1.     Since liability under the RLTO may arise for negligent or innocent conduct, Defendants are entitled to assert the defense of contributory negligence with respect to a count for violation of the RLTO.

2.     Plaintiffs are guilty of one or more of the following negligent acts, errors, or omissions: failing to perform proper maintenance and repairs at the property, failing to follow the law, failing to cooperate with foreclosure and/or eviction or other occupancy requirements, acting in violation of a court order, illegally residing at the property, and otherwise failing to exercise due care.

3.     Defendants deny any liability of any kind whatsoever to Plaintiffs.  However, pleading in the alternative, if Defendants are found liable to Plaintiffs under Count VI, any judgment in Plaintiffs' favor must be reduced by an amount equal to the percentage of comparative fault of Plaintiffs.

4.     Pleading in the alternative, Plaintiffs are more than 50% negligent in relation to, and at fault for, the damages of which they complain and, therefore, cannot recover against Defendants.

5.     Count VI is therefore barred, or alternatively, any damages shall be diminished in proportion to the amount of Plaintiffs' comparative fault.

**AFFIRMATIVE DEFENSE TWO**
**(failure to state claim upon which relief may be granted- Counts I, III, IV, V & VI)**

1.      Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.      Therefore, Plaintiffs cannot recover against Defendants.

**AFFIRMATIVE DEFENSE THREE**
**(failure to state plausible claim for relief)**

1.      A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citation omitted).

2.      In order to pass the plausibility threshold, a complaint must "plea[d] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3.      A pleading that merely states "labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient." *Id.*; see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

4.      Plaintiff pleads only labels, conclusions, and a basic recitation of the elements of various causes of action, but fails to plead any facts that would allow a court to infer that Defendants are liable for the conduct alleged.

**AFFIRMATIVE DEFENSE FOUR**
**(failure to mitigate damages- Counts I, III, IV, V & VI)**

1.      In their Counts I, III, IV, V, and VI, Plaintiffs allege that they have been damaged as a result of Defendants' conduct.

2.      Upon information and belief, Plaintiffs failed to mitigate their damages by failing to perform proper maintenance and repairs at the property, failing to seek appropriate medical and mental health treatment, failing to follow the law, failing to cooperate with foreclosure

11

and/or eviction or other occupancy requirements, acting in violation of a court order, illegally residing at the property, refusing to move to a property at which they could lawfully reside, and otherwise failing to avoid damages.

3.      Therefore, Plaintiffs cannot recover against Defendants.

## AFFIRMATIVE DEFENSE FIVE
## (illegal conduct by Plaintiffs- Counts I, III, IV, V, and VI)

1.      Plaintiffs' claims are barred due to the fact that they were trespassing at the property and residing there illegally.

2.      Therefore, Plaintiffs cannot recover against Defendants.

## AFFIRMATIVE DEFENSE SIX
## (reliance on another's instructions- Counts I, III, IV, V, and VI)

1.      Defendants reasonably relied upon the instructions and advice of the property owner, the loan servicer, and/or their clients in undertaking their reasonable and necessary conduct pertaining to the Property.

2.      Therefore, Plaintiffs cannot recover from Defendants.

## AFFIRMATIVE DEFENSE SEVEN
## (action pursuant to court order – Count I, III, IV, V, and VI)

1.      In the matter *HSBC Bank USA v. Carlos Gomez et al.*, no. 08 CH 29228 in the Circuit Court of Cook County, Chancery Division, the court entered an order on August 13, 2010 granting HSBC Bank, its insurers, investors and agents possession of the property as of 30 days after entry of the order.

2.      Defendants acted reasonably and properly pertaining to the property and the authority granted by court order.

3.      Due to operation of the order of possession, Plaintiffs did not have any right to possession of the property.

**AFFIRMATIVE DEFENSE EIGHT**
**(No Discriminatory Intent or Discriminatory Impact- Count I)**

1.      In order to state a claim under the FHA, a plaintiff must "sho[w] that the defendant had discriminatory intent when making its decision or by showing that the decision caused a discriminatory effect." *Edwards v. Lake Terrace Condo Assoc.*, 2011 U.S. Dist. LEXIS 43304 at *11 (N.D. Ill. Apr. 21, 2011).

2.      Defendants did not make any decisions with discriminatory intent, nor did any decision made by Defendants cause a discriminatory effect.

3.      There was no discriminatory effect because the actions undertaken by Defendants affected all residents in the same manner.

**AFFIRMATIVE DEFENSE NINE**
**(justification- Count I)**

1.      Any alleged acts or omissions by Defendants were justified by a legitimate non-discriminatory business reason or other legitimate consideration.

2.      Therefore, Plaintiffs cannot maintain a claim for violation of the FHA.

**AFFIRMATIVE DEFENSE TEN**
**(no conduct connected with the sale or rental of a dwelling – Count I)**

1.      Plaintiffs fail to state a claim under 42 U.S.C. § 3604(b) or § 3617 because Plaintiffs do not allege any conduct in connection with the "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith" of a dwelling.

2.      Defendants did not sell or rent a dwelling to Plaintiffs.

3.      Defendants did not perform services for Plaintiffs in connection with the sale or rental of a dwelling.

13

4.      Plaintiffs did not sell, purchase, or rent the subject property, nor did they attempt to sell, purchase, or rent the property.

5.      As there is no conduct pertaining to sale or rental of a dwelling, Plaintiff cannot maintain a claim under 42 U.S.C. § 3604(b).

6.      Since the theory for the count under 42 U.S.C. § 3617 is predicated upon an alleged violation of 42 U.S.C. § 3604(b), it follows that no violation of 42 U.S.C. § 3617 occurred, either.  Plaintiffs cannot state a claim under 42 U.S.C. § 3617 because Defendants did not coerce, intimidate, threaten, or interference with Plaintiff's exercise or enjoyment of their rights under 42 U.S.C. § 3064 or any other provision of the FHA.

## AFFIRMATIVE DEFENSE ELEVEN
### (trespassers may not maintain a claim under the FHA- Count I)

1.      24. C.F.R. § 100.65(b)(4), a department of Housing and Urban Development's Regulations interpreting 3604(b), only applies to an owner, tenant, or person associated with him or her.

2.      Plaintiffs were not owners, tenants, or persons associated with owners or tenants.

3.      24 C.F.R. § 100.65(b)(4) does not confer rights upon trespassers.

4.      Plaintiffs were trespassing at the property, as the owner had possession pursuant to court order, and upon information and belief had not granted Plaintiffs permission to reside at the property.

5.      Therefore, Plaintiffs cannot recover under the FHA.

## AFFIRMATIVE DEFENSE TWELVE
### (exemption to FHA- Count I)

1.      Pleading in the alternative, Count I is barred by an exemption to the FHA, set forth in 42 USC § 3603, which states:

(b) Exemptions. Nothing in section 804 [42 USCS § 3604] (other than subsection (c)) shall apply to--

   (1) any single-family house sold or rented by an owner: *Provided,* That such private individual owner does not own more than three such single-family houses at any one time: *Provided further,* That in the case of the sale of any such single-family house by a private individual owner not residing in such house at the time of such sale or who was not the most recent resident of such house prior to such sale, the exemption granted by this subsection shall apply only with respect to one such sale within any twenty-four month period: *Provided further,* That such bona fide private individual owner does not own any interest in, nor is there owned or reserved on his behalf, under any express or voluntary agreement, title to or any right to all or a portion of the proceeds from the sale or rental of, more than three such single-family houses at any one time: *Provided further,* That after December 31, 1969, the sale or rental of any such single-family house shall be excepted from the application of this title only if such house is sold or rented (A) without the use in any manner of the sales or rental facilities or the sales or rental services of any real estate broker, agent, or salesman, or of such facilities or services of any person in the business of selling or renting dwellings, or of any employee or agent of any such broker, agent, salesman, or person and (B) without the publication, posting or mailing, after notice, of any advertisement or written notice in violation of section 804(c) of this title [42 USCS § 3604(c)]; but nothing in this proviso shall prohibit the use of attorneys, escrow agents, abstractors, title companies, and other such professional assistance as necessary to perfect or transfer the title, or

   (2) rooms or units in dwellings containing living quarters occupied or intended to be occupied by no more than four families living independently of each other, if the owner actually maintains and occupies one of such living quarters as his residence.

2.      Wherefore, Plaintiffs cannot recover against Defendants.

## AFFIRMATIVE DEFENSE THIRTEEN
### (Plaintiffs lacked possession- Count III)

1.      Plaintiffs had no right to exclusive possession of any real or person property at issue.

2.      Plaintiffs did not have the right to exclusive possession of fixtures such as the furnace, pipes, and locks, as such would have deprived other residents of the use of such fixtures.

3.      Due to operation of an order of possession granting possession to the owner, Plaintiffs had no right to exclusive possession of the real property or contents therein.

4.      Therefore, Plaintiffs cannot plead a count for trespass to real property, trespass to chattels, or conversion.

15

**AFFIRMATIVE DEFENSE FOURTEEN**
**(no interference with Plaintiffs' personal property- Count III)**

1. Defendants did not dispossess Plaintiffs of any chattels.

2. Defendants did not interfere with any personal property in Plaintiffs' possession.

3. The furnace and pipes are fixtures attached to real property, not personal property.

4. Therefore, Plaintiffs cannot maintain a claim for trespass to chattels or conversion.

**AFFIRMATIVE DEFENSE FIFTEEN**
**(no severe emotional distress- Count V)**

1. Plaintiffs did not suffer severe emotional distress.

2. Any distress suffered by an ordinary person under the alleged circumstances would not have been severe enough to be actionable.

3. The fear of losing one's home is not the sort of emotional distress that is actionable. *Whitley v. Taylor Bean & Whitacker Mortg. Corp.*, 607 F. Supp. 2d 885, 903 (N.D. Ill. 2009).

4. Therefore, Plaintiffs cannot maintain a claim for intentional infliction of emotional distress.

**AFFIRMATIVE DEFENSE SIXTEEN**
**(no landlord-tenant relationship- Count VI)**

1. The RLTO "only applies to landlords and their tenants." *Selvy v. Beigel*, 283 Ill. App. 3d 532 (1st Dist. 1996).

2. No landlord-tenant relationship existed between Plaintiffs and Defendants, nor between Plaintiffs and the property owner.

3.      Plaintiffs did not have a right to reside at the property by any written or oral contract or subtenancy agreement, nor were Plaintiffs parties to any expired lease such that they could be deemed tenants at sufferance.

4.      The RLTO does not confer rights on trespassers, squatters, and illegal residents.

5.      Therefore, Plaintiffs cannot maintain an action under the RLTO.

### AFFIRMATIVE DEFENSE SEVENTEEN
### (necessary repairs- Count VI)

1.      Plaintiffs allege that Defendants removed the furnace.

2.      To the extent that any removal of appliances by Defendants occurred, it was "for the purpose of making necessary repairs."  RLTO § 5-12-160.

3.      Therefore, Plaintiffs cannot maintain a claim for violation of RLTO § 5-12-160.

### AFFIRMATIVE DEFENSE EIGHTEEN
### (conduct authorized by law- Count VI)

1.      Defendants did not "knowingly…oust or dispossess or threaten or attempt to oust or dispossess any tenant from a dwelling unit without authority of law."  RLTO § 5-12-160

2.      Defendants did not commit any acts without authority of law.

3.      Accordingly, no violation of RLTO § 5-12-160 occurred.

### AFFIRMATIVE DEFENSE NINETEEN
### (Plaintiffs are not "tenants" under the RLTO- Count VI)

1.      Plaintiffs do not fall within the definition of "tenant[s]" under the RLTO.

2.      The RLTO defines a "tenant" as "a person entitled by written or oral agreement, subtenancy approved by the landlord or by sufferance, to occupy a dwelling unit to the exclusion of others."  RLTO § 5-12-030(i).

3.      Plaintiffs were not parties to any lease agreement or other written or oral contract that would entitle them to occupancy or possession.

4.      Plaintiffs were not parties to any subtenancy agreement.

5.      Plaintiffs were not parties to any expired lease such that they could be deemed tenants at sufferance.

6.      Plaintiffs were not lawfully residing at the property.

7.      Plaintiffs did not pay rent to reside at the property during the relevant time period.

8.      The fact that Plaintiffs were living at the property does not give them status as "tenants" or tenants' rights.

9.      Therefore, Plaintiffs cannot maintain a claim under the RLTO because they were not "tenants" as defined by the RLTO.

**AFFIRMATIVE DEFENSE TWENTY**
**(Defendants are not "landlords" under the RLTO- Count VI)**

1.      Defendants do not fall within the definition of "landlord[s]" under the RLTO.

2.      The RLTO defines a "landlord" as "the owner, agent, lessor or sublessor, or the successor in interest of any of them, of a dwelling unit or the building of which it is part." RLTO § 5-12-030(b).

3.      Therefore, Plaintiffs cannot maintain a claim under the RLTO against Defendants.

**AFFIRMATIVE DEFENSE TWENTY-ONE**
**(violation of administrative, statutory, and/or jurisdictional prerequisites-**
**Counts I, III, IV, V, VI)**

1.      Plaintiffs' claims are barred to the extent that Plaintiffs failed to timely and properly exhaust all necessary administrative, statutory, and or/jurisdictional prerequisites for the commencement of this action.

2.      Therefore, Plaintiffs cannot recover against Defendants.

**AFFIRMATIVE DEFENSE TWENTY-TWO**
**(statutory fines unavailable in civil proceeding- Count VI)**

18

1.      Plaintiff is not entitled to payment of any fine for violation of the RLTO.

2.      A "fine" is only assessed for one found "guilty" of violating RLTO § 5-12-160, with the term "guilty" indicating a fine can only be assessed in a criminal proceeding.

3.      The fine referenced in RLTO § 5-12-160 only applies to complaints received by the Chicago Police Department, not to prayers for relief in a civil suit.

4.      Thus, Plaintiffs are not entitled to recovery of any fine under RLTO § 5-12-160.

## AFFIRMATIVE DEFENSE TWENTY-THREE
### (statute of limitations- I, V, and VI)

1.      Plaintiff alleges various acts occurred beginning in winter 2010, which is more than two years before the Complaint was filed on April 19, 2012.

2.      Count I is barred by the two-year statute of limitations in 42 U.S.C. § 3613(a)(1)(A).

3.      Count V is subject to the two-year statute of limitations in 735 ILCS 5/13-202.

4.      Count VI (RLTO) for violation of RLTO § 5-12-160 is a statutory penalty, and thus is barred by the statute of limitations in 735 ILCS 5/13-2012.

5.      The "continuing tort" or "continuing violation" theory does not apply, as Plaintiffs allege discrete and distinct wrongful acts, rather than continuous wrongful conduct.

## AFFIRMATIVE DEFENSE TWENTY-FOUR
### (no personal liability for Smith- Counts I, III, IV, V, and VI)

1.      As president of Smith Partners, Defendant Coya Smith is not personally liable for any torts or conduct as alleged.

2.      As Smith was not personally involved in any wrongdoing, she does not face liability as the corporate owner and/or operator of Defendant Smith.

3.      As Smith did not participate, authorize, or direct the alleged conduct, she does not face personal liability.

4.      Therefore, Defendant Smith cannot be held personally liable.

**AFFIRMATIVE DEFENSE TWENTY-FIVE**
**(No right to claim punitive damages)**

1.      Plaintiffs have no right to seek punitive damages because Defendants did not commit any malicious, willful, or wanton conduct.

2.      The requests for punitive damages must be stricken.

**AFFIRMATIVE DEFENSE TWENTY-SIX**
**(*Moorman* Doctrine- Counts I, III, IV, and VI)**

1.      Pursuant to the *Moorman* doctrine, Plaintiffs are barred from recovering any economic losses from Defendants in tort.

2.      A tort is a breach of duty, the source of which duty can be statute or the common law.

3.      Therefore, Plaintiffs are barred from recovering economic losses from Defendants in tort.

**AFFIRMATIVE DEFENSE TWENTY-SEVEN**
**(unclean hands or *in pari delicto*)**

1.      Plaintiffs are barred from making any recovery pursuant to the doctrine of unclean hands and/or *in pari delicto*, as they resided at the property with full knowledge that they had no right of ownership, tenancy, or occupancy.

2.      As Plaintiffs have participated in wrongdoing, they have no right to recover damages from the wrongdoing.

3.      Therefore, Plaintiffs cannot recover against Defendants.

Defendants further reserve the right to state additional affirmative defenses based upon the evidence produced during discovery.

Defendants demand trial by jury on all issues.

WHEREFORE, Defendants, Smith Partners & Associates, Ltd., Coya Smith, and Andy Horn deny that Plaintiffs are entitled to any relief sought or any relief whatsoever, and request that the Complaint be dismissed with prejudice without leave to replead, and that Defendants be awarded costs in defending same, and that any of these affirmative defenses serve to bar or otherwise reduce any damages sought or obtained, for any other relief the court deems just.

Dated:  November ___, 2012

Respectfully submitted,

/s/ Newton C. Marshall
One of the attorneys  for Smith Partners & Associates, Ltd., Coya Smith and Andy Horn

Newton C. Marshall (ARDC No. 6209427)
Michelle M. Blum (ARDC No. 6295921)
Karbal, Cohen, Economou, Silk & Dunne, LLC
150 S. Wacker Drive, Suite 1700
Chicago, IL 60606
(312) 431-3700